# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10831
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2024

Lyle W. Cayce
Clerk

IN THE MATTER OF DANIEL WILFRED MIJARES

*Debtor*,

DANIEL WILFRED MIJARES,

*Appellant*,

*versus*

JORDAN PASTOREK,

*Appellee*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2603

————————————————————

Before DAVIS, WILLETT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

    Debtor-Appellant, Daniel Wilfred Mijares, appeals the district court's judgment affirming the bankruptcy court's judgment in favor of Plaintiff-

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10831

Appellee, Jordan Pastorek, in this adversary proceeding.  For the reasons set forth below, we AFFIRM.

## I.

From January 2013 to April 2019, Mijares and Pastorek practiced internal medicine as equal members of MD Request, PLLC ("MD Request"), a Texas professional liability company.  The physicians were parties to a written agreement appointing each of them as a "Manager" of the company.  They agreed orally that their respective compensation from MD Request would be calculated by deducting fifty percent of the authorized expenses incurred by the company from the collections the company received from the doctors' respective patients.

In September 2019, Mijares commenced a Chapter 7 bankruptcy proceeding.  Pastorek subsequently filed this adversary proceeding against Mijares, asserting, *inter alia*, that Mijares was personally liable to him for underpayment of his compensation from the company due to unnecessary or improper expenses Mijares deducted from Pastorek's patient collections.  Pastorek contended that the funds owed to him should be excepted from bankruptcy discharge under 11 U.S.C. § 523(a)(2)(A) because they were obtained by "false pretenses, a false representation, or actual fraud."

After conducting a bench trial, the bankruptcy court rendered judgment in favor of Pastorek for $39,682.55.  It determined that this amount was nondischargeable under 11 U.S.C. § 523(a)(2)(A), as fraudulently obtained by Mijares.  Mijares filed a motion to alter or amend the judgment, arguing that the bankruptcy court "overlooked" evidence entitling him to an "offsetting credit of $30,123.17" based on "patient receivables kept by [Pastorek]."  During the hearing on the motion, Mijares additionally argued that the evidence at trial showed that "throughout the entire period" the two

doctors practiced together, Pastorek "was overpaid over that period and not underpaid."

The bankruptcy court granted in part and denied in part Mijares' motion to alter and amend the judgment. Specifically, it granted Mijares' request for "additional findings," stating those findings on the record. However, the court denied Mijares' request for a reduction in the amount awarded to Pastorek based on any offsetting credits. Mijares timely appealed to the district court, which affirmed the bankruptcy court's judgment. Mijares then timely appealed to this Court.

## II.

This Court reviews the "district court's affirmance of a bankruptcy court's decision by applying the same standard of review that the district court applied."[1] "Thus, we review questions of fact for clear error and conclusions of law de novo."[2] "Clear error is a formidable standard: this court disturb[s] factual findings only if left with a firm and definite conviction that the bankruptcy court made a mistake."[3]

Mijares argues that the lower courts "disregarded" evidence establishing that the amount awarded to Pastorek was erroneous. He contends this evidence includes MD Request's federal income tax returns for the 2016, 2017, and 2018 tax years, which he alleges established that Pastorek was actually overpaid when collections and expenses for those annual tax periods are "trued up." He further asserts that the courts "missed" the evidence of $30,123.17 in receivables paid by Mijares' patients to MD

---

[1] *In re Cowin*, 864 F.3d 344, 349 (5th Cir. 2017) (citations omitted).

[2] *Id.* (citation omitted).

[3] *In re Krueger*, 812 F.3d 365, 374 (5th Cir. 2016) (internal quotation marks and citation omitted).

No. 23-10831

Request and $2,000 that Mijares deposited into MD Request's bank account in April 2019. He asserts he is entitled to a setoff, recoupment, or other credit based on this evidence.

We disagree. During the hearing on Mijares' motion to alter and amend the judgment, the bankruptcy court specifically addressed Mijares' argument that Pastorek was overpaid, as well as Mijares' argument that he was entitled to setoff, recoupment, or other credit reducing the amount awarded to Pastorek. As to Mijares' overpayment argument, the court reviewed the trial testimony and evidence and determined that "the evidence [wa]s simply not clear what amounts [we]re owed between the parties." The court also looked at the evidence Mijares relied on in support of his claim for some type of credit and determined that the evidence was not "complete or reliable."

On appeal, Mijares does not identify evidence in the record demonstrating that the bankruptcy court's findings were clearly erroneous. He continues to rely on singular pieces of evidence showing his patient receivables and bank deposit to support his claim for some type of credit. As the bankruptcy court found, these documents do not present a complete picture such that the bankruptcy court's findings can be said to be clearly erroneous.[4] We agree with the bankruptcy court that Mijares simply did not meet his burden of showing he was entitled to any type of credit.

Additionally, as the bankruptcy court found during the hearing on the motion to alter and amend the judgment, "recoupment is an equitable doctrine."[5] The bankruptcy court concluded it would not "be fair and equitable to allow [Mijares] to recoup a fraud claim against a contractual

_____

[4] *See id.* (noting that "clear error is a formidable standard").

[5] *See In re Mirant Corp.*, 318 B.R. 377 (Bankr. N.D. Tex. 2004) (citations omitted).

offset claim against the company." Importantly, Mijares does not challenge the bankruptcy court's determination that Pastorek established the elements of a fraud claim and, thus, shows no error in the bankruptcy court's assessment of the equities in this case.

Regarding Mijares' setoff claim, the bankruptcy court determined that setoff did not apply because Mijares was "attempting to set off a non-mutual obligation."[6] Specifically, Mijares' setoff claim was against the company, while Pastorek's fraud claim was against Mijares. Furthermore, the court determined, as it did with his claim of overpayment, that Mijares did not meet his burden of establishing "what amounts were owed and whether they were appropriate." Again, Mijares does not challenge the bankruptcy court's determination that Pastorek established the elements of a fraud claim, and he does not direct this Court to evidence in the record showing a complete picture of what amounts were owed between the parties.[7]

Based on the foregoing, we AFFIRM the district court's judgment affirming the bankruptcy court's judgment.

_____

[6] *See In re Gibson*, 157 F.3d 1011, 766 (Bankr. N.D. Tex. 2002) (holding that one of the elements of a valid right of setoff is that "the debt and the claim must be mutual obligations") (citations omitted).

[7] Citing no authority, Mijares lastly contends that the lower courts erroneously imposed a "double standard" that "unjustly enrich[ed] Pastorek and unduly penalize[d] Mijares." Considering that Mijares does not challenge the bankruptcy court's determination that Pastorek established the elements of a fraud claim, we are unpersuaded that Pastorek was unjustly enriched and Mijares unduly penalized.